# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED
FEB 22 2012
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

ANTHONY E. ORTEGA, )
)
    Petitioner, )
)
v. ) Case No. CIV 11-096-RAW-KEW
)
MIKE ADDISON, Warden, )
)
    Respondent. )

## OPINION AND ORDER

    This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his conviction in Bryan County District Court Case No. CF-2005-488 for Lewd Molestation (Count 1), Child Sexual Abuse (Count 2), and First Degree Rape (Count 3).

    The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 02/17/2006 | Petitioner was convicted in a non-jury trial of the charges in Case No. CF-2005-488. |
| 06/15/2006 | Petitioner was sentenced. |
| 08/02/2006 | Judgment and Sentence was filed. |
| 06/21/2006 | Petitioner filed a notice of intent to appeal in the Bryan County District Court. |
| 08/08/2006 | Petition in Error filed in the Oklahoma Court of Criminal Appeals. |
| 01/11/2007 | Petitioner filed a motion to dismiss his appeal. |
| 03/02/2007 | The Oklahoma Court of Criminal Appeals dismissed petitioner's appeal at his request in *Ortega v. State*, No. F-2006-694 (Okla. |

| | |
|---|---|
| | Crim. App. Mar. 2, 2007). |
| 08/03/2010 | Petitioner filed an application for post-conviction relief in Bryan County District Court. |
| 08/23/2010 | Petitioner's application for post-conviction relief was denied. |
| 12/03/2010 | The denial of petitioner's post-conviction application was affirmed in *Ortega v. State*, No. PC-2010-901 (Okla. Crim. App. Dec. 3, 2010). |
| 02/23/2011 | Petitioner filed a petition for a writ of habeas corpus in Case No. CIV-11-185-HE in the Western District of Oklahoma. The case was dismissed on June 1, 2011, for failure to pay the filing fee. |
| 03/17/2011 | Petitioner filed this petition in the Eastern District of Oklahoma. |

Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's Judgment and Sentence was entered on August 2, 2006. He initiated a direct appeal, but then filed a motion to dismiss the appeal voluntarily. The respondent alleges petitioner's conviction became final on March 2, 2007, the date the Oklahoma Court

of Criminal Appeals granted the motion to dismiss, because he could not have sought certiorari review from the United States Supreme Court. *See Tate v. Addison*, 2010 WL 56152, at *2 (W.D. Okla. Jan. 6, 2010) (holding that petitioner's judgment became final, and the one-year limitation period began to run, when the OCCA granted his motion to dismiss the appeal of the denial of his motion to withdraw appeal and motion for new trial), *aff'd*, 2010 WL 1971914 (10th Cir. May 18, 2010). *See also United States v. Sylvester*, 2006 WL 695796, at *3 (M.D. Pa. Mar. 17, 2006) (finding that further review is foreclosed when an appeal is voluntarily dismissed). Under this analysis, petitioner had until March 2, 2008, to file his habeas petition, but he did not initiate habeas proceedings until 2011. Because petitioner did not file his post-conviction application until August 3, 2010, after expiration of the limitation period, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges in his response to the motion to dismiss that the limitation period should be equitably tolled, because his appellate attorney abandoned him and submitted an incomplete and fallacious affidavit with petitioner's motion to dismiss his direct appeal. Although petitioner's affidavit expressly stated he understood he was waiving "any opportunity to appeal this case in the future," he now asserts he did not understand the legal effect of the affidavit.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001).

Petitioner also claims the evidence was insufficient to convict him. There is, however, a distinction between insufficiency of the evidence and a claim of actual innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (holding that "the gateway actual-innocence standard is by

3

no means equivalent to the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979), which governs claims of insufficient evidence"). To prove actual innocence, "[t]he petitioner must 'support his allegations of constitutional error with new reliable evidence--whether it be scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The court finds petitioner has not met this burden.

**ACCORDINGLY,** respondent's motion to dismiss time-barred petition [Docket #9] is GRANTED, and this action is, in all respects, DISMISSED

**IT IS SO ORDERED** this 22nd day of February 2012.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**